NUMBER 13-99-183-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


__________________________________________________________________


CORPUS CHRISTI TOYOTA, LTD., 

D/B/A PAUL YORK TOYOTA
, Appellant,


v.



FALFURRIAS STATE BANK
, Appellee.

__________________________________________________________________


On appeal from the County Court at Law No. 1


of Nueces County, Texas.


__________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and Yañez


Opinion by Chief Justice Seerden



 This is an appeal from a deficiency judgment rendered in favor of
Falfurrias State Bank, appellee ("the Bank"), against the guarantor of a
motor vehicle installment sales contract, Corpus Christi Toyota, Ltd.,
d/b/a Paul York Toyota, appellant ("Paul York"), after a default on a
contract by the vehicle's purchaser. By three issues, Paul York argues
that the trial court erred in rendering judgment for the Bank because: (1)
the Bank failed to satisfy all conditions precedent to filing its lawsuit; (2)
the Bank did not provide Paul York with sufficient notice of the sale of
the collateral; and (3) Paul York was not required to maintain a
minimum balance in a reserve account at the Bank. 

 Barry Benderman purchased a truck from Paul York in January
1997. Paul York assigned the contract to the Bank, which financed the
transaction. Paul York acted as a partial guarantor on the note. 
Benderman defaulted in late 1997. The vehicle was subsequently
repossessed by the Bank. At that time, the Bank requested, by
telephone, that Paul York either pay under the guarantee or repurchase
the vehicle. According to the Bank, the practice of making such
requests by telephone was the custom of dealing between itself and
Paul York. Paul York disputes that contention. 

 Regardless, Paul York did not repurchase the vehicle. Anticipating
a "substantial deficiency" after the sale of the vehicle, the Bank filed suit
against Paul York in April 1998. The Bank placed the vehicle for sale
with a used car dealership, which sold the truck in July 1998. The
proceeds from the sale, minus the expenses of the sale, were applied
to the balance of the Benderman contract, leaving a balance of
$4,587.97. Paul York refused to pay this amount. 

 The trial court determined that Paul York was liable for the
remaining balance and entered judgment accordingly. At the same
time, the court concluded that Paul York had overdrawn a reserve
account maintained at the Bank, and rendered judgment that the Bank
recover the cost of charging off the reserve account, $513.06. 

 By its first issue, Paul York contends that the trial court erred in
rendering judgment for the Bank because the Bank failed to satisfy all
conditions precedent to filing suit. For a creditor to recover in a
deficiency suit, it must present evidence showing the commercial
reasonableness of the disposition of the collateral and notification of the
disposition to the debtor. See Tex. Bus. & Com. Code Ann. §9.504(c)
(Vernon 1999); Greathouse v. Charter Nat'l Bank-SW, 851 S.W.2d 173,
176 (Tex. 1992). This may be accomplished either by a specific
pleading to that effect, or by generally pleading that all conditions
precedent to maintaining the action have been performed or have
occurred. Greathouse, 851 S.W.2d at 177. If the creditor chooses to
plead generally, it is "required to prove that the disposition of the
collateral was commercially reasonable only if the debtor specifically
denies it in his answer." Id.; see also Tex. R. Civ. P. 54. 

 Here the record reflects that the Bank generally pleaded that "all
conditions precedent to [the Bank's] recovery . . . have been performed
or have occurred." Paul York responded to this in its answer, but only
with regard to whether it received notice of the sale:

 Also [the Bank] did not meet all conditions precedent to
recovering a deficiency. [The Bank] failed to provide [Paul
York] with statutorily required notice of the sale of the
vehicle securing payment of the alleged debt made the basis
of this suit.


Notice and commercial reasonableness are separate conditions
precedent to the Bank's claim. See Friedman v. Atlantic Funding Corp.,
936 S.W.2d 38, 41 (Tex. App.--San Antonio 1996, no writ). As such,
in order to put the Bank to its proof on either matter, Paul York was
required to deny each matter specifically. See Greathouse, 851 S.W.2d
at 177. Paul York did not satisfy that requirement with regard to the
commercial reasonableness of the sale and accordingly, has waived
error on that issue. Paul York's first issue is overruled.

 By its second issue, Paul York contends that the trial court erred
in rendering judgment because the Bank did not provide Paul York with
sufficient notice of the sale of the collateral. After repossessing
collateral, a secured party has the option to dispose of the collateral. 
See Tex. Bus. & Com. Code Ann. § 9.504(a) (Vernon 1999). However,
the secured party must send to the debtor "reasonable notification of
the time and place of any public sale or reasonable notification of the
time after which any private sale or other intended disposition is to be
made. . . ." Id. at § 9.504(c). If, as here, the collateral is consumer
goods, no other notice is required. Id. Importantly, section 9.504(c)
imposes only a reasonable notice requirement. 

 The Texas Business and Commerce Code provides that a party has
notice of a fact when it (1) has actual knowledge of it; (2) has received
a notice or notification of it; or (3) from all the facts and circumstances
known to it at the time in question has reason to know that it exists. 
See Tex. Bus. & Com. Code Ann. § 1.201(25) (Vernon 1999). A party
"'notifies' or 'gives' a notice or notification to another by taking such
steps as may be reasonably required to inform the other in ordinary
course whether or not such other actually comes to know of it. . . ." Id.
at § 1.201 (26). The statute does not specifically require written notice;
it only requires reasonable notice, which may be conveyed orally. See
Beltran v. Groos Bank, N.A., 755 S.W.2d 944, 946 (Tex. App.-- San
Antonio 1988, no writ); MBank Dallas N.A. v. Sunbelt Mfg., Inc., 710
S.W.2d 633, 635-36 (Tex. App.--Dallas 1986, writ ref'd n.r.e.). 

 Moreover, in determining reasonableness, the statute provides
that "parties may agree to determine the standards by which the
performance of obligations such as providing 'reasonable notice' are to
be measured." Knight v. General Motors Acceptance Corp., 728 S.W.2d
480, 482 (Tex. App.--Fort Worth 1987, no writ); see Tex. Bus. & Com.
Code Ann. § 1.102 (Vernon 1999). This may be accomplished when the
parties have established a course of dealing, or "a sequence of previous
conduct between the parties to a particular transaction which is fairly
to be regarded as establishing a common basis of understanding for
interpreting their expressions and other conduct." Tex. Bus. & Com.
Code Ann. § 1.205(a) (Vernon 1999). The determination of
reasonableness is a question of fact and is made in light of the totality
of the circumstances surrounding the transaction.

 In the instant case, the record reflects that the Bank and Paul York
had an existing relationship with regard to transactions like the one in
question here. The parties had engaged in numerous transactions as
a result of this relationship and had created mechanisms, such as Paul
York's reserve account at the bank, to facilitate these transactions. The
record reflects that the parties had a written agreement which provided
that upon default, the Bank was to give Paul York the option to either
pay, pursuant to its guarantee, or repurchase the vehicle. The
agreement furthermore provided that if Paul York chose neither option,
the Bank could take necessary actions to recover the amounts due on
the sales contract. This agreement had been used on other occasions
to assign sales contracts from Paul York to the Bank. 

 According to the President of the Bank, Verlyn Nolen, when a
purchaser defaulted on a contract, the Bank would customarily
telephone Paul York and inform it of the default. At that time, the Bank
would customarily ask Paul York to exercise its option and would fax
notification of the default to Paul York. Nolen testified that if Paul York
chose to neither pay the guaranty nor repurchase the vehicle, the Bank
would inform Paul York of its intention to sell the vehicle. 

 Nolen testified that this procedure was followed in this instance. 
Nolen stated that Rolando Carrasco, a loan servicing officer with the
Bank, called Joe Garza with Paul York to extend the demand for
payment or repurchase in January 1998. Carrasco also faxed the notice
of default to Garza approximately ten days after this phone
conversation. Pursuant to these communications, Carrasco
communicated to Nolen that Paul York did not intend to repurchase the
vehicle or pay the guaranty. The Bank accordingly proceeded to place
the vehicle for sale, while at the same time filing suit against Paul York
to recover any deficiency. 

 We conclude that the record supports the trial court's implied
finding(1) that the Bank fulfilled its obligation to provide reasonable notice
to Paul York by complying with the custom of dealing between the
parties. See Tex. Bus. & Com. Code Ann. § 1.205(a) (Vernon 1999). 
Paul York's second issue is overruled. 

 By its third issue, Paul York argues the trial court erred in
awarding damages for an overdrawn bank account because it was not
legally or contractually obligated to maintain a minimum reserve. 
Without regard to any obligations to maintain a minimum balance in
this account, the record reflects that at the time the account was
charged off, it was overdrawn in the amount of $513.06. A bank has
a statutory right to charge "properly payable" items against an existing
account, even if the charge will create an overdraft. Tex. Bus. & Com.
Code Ann. § 4.401(a) (Vernon 1999). An item is deemed "properly
payable" if "it is authorized by the customer and is in accordance with
any agreement between the customer and the bank." Id.  The record
shows that the agreement between the Bank and Paul York authorized
transactions related to the assignment of sales contracts via the reserve
account in question. There is nothing in the record which suggests that
the Bank was limited in overdrafting the reserve account. A bank
retains the right to set-off all or part of an unpaid advance, such as an
overdraft, without notice, so long as that right has been previously
communicated to the customer by the bank. Tex. Fin. Code Ann. §
34.307 (a) (Vernon 1999). Here, the agreement between the parties
expressly provides that the Bank "may elect to exercise its common law
or contractual right of set-off for any . . . amounts owed to Bank." The
action brought by the Bank is a statutorily authorized attempt to obtain
a set-off for an unpaid balance. 

 The Bank presented evidence that Paul York's account was
overdrawn. The trial court concluded that Paul York was liable for the
amount of the overdraft and rendered judgment accordingly. 
Notwithstanding an obligation to maintain a minimum balance in the
account, the trial court did not err in granting the Bank a statutory right
to recover an unpaid overdraft. Paul York's third issue is overruled.

 The judgment of the trial court is AFFIRMED.

 


 

 ROBERT J. SEERDEN, Chief Justice


Do not publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 20th day of July, 2000.

1. See Tex. R. Civ. P. 297; Black v. Dallas County Child Welfare Unit,
835 S.W.2d 626, 630 n.10 (Tex. 1992) (where no findings of fact or
conclusions of law are filed, reviewing court must imply all necessary
fact findings in support of the trial court's judgment).