NO. 07-03-0051-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 24, 2005

_____

J. H. (BUSTER) REEDY AND DEBBIE L. REEDY, APPELLANT

V.

GENE SCOTT, APPELLEE

_____

FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;

NO. 9875; HONORABLE H. BRYAN POFF, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellants, J.H. (Buster) Reedy and his wife Debbie Reedy, bring this appeal challenging a summary judgment in favor of Gene Scott on Scott's claim for breach of an earnest money contract for the sale of property by the Reedys. We overrule appellants' three points of error and affirm the judgment of the trial court.

The events giving rise to this litigation began in May 1991 when the Reedys executed a written lease to Diane Powell[1] for a house on a seventeen-acre tract in Wheeler County. The lease term began June 1, 1991, and was to run for thirty-six months. At the same time the Reedys executed a hand-written agreement to sell the property to Powell "upon said lease dated May 23, 1991." The agreement provided the Reedys would not sell the property to anyone else unless Powell breached the lease agreement. Disputes arose between the Reedys and Powell concerning the property, resulting in litigation.

The Reedys offered the property for sale and Scott made an offer of $55,000 in January 1993. Scott would later allege the Reedys told him of Powell's lease and that she was occupying the property, but told him Powell was in default for failure to pay rent and would be removed. The Reedys accepted Scott's offer, leading to execution of an earnest money contract dated January 26, 1993. That contract required the Reedys to provide title insurance subject only to eight listed exclusions and a warranty deed subject to the same exclusions. Powell's lease and contract were not listed in the exclusions. On February 26, 1993 the Reedys executed and delivered a deed conveying the property to Scott in exchange for cash and Scott's assumption of the outstanding mortgage.

On March 16, 1993, Powell filed her May 1991 lease and the hand-written agreement for record in the Wheeler County property records. Scott filed his deed for record on April 2, 1993. A new commitment for title insurance dated the same day listed the lease and agreement recorded by Powell as additional exceptions to title insurance

_____

[1]Powell also uses the name Dayna Dawn'yel and both names appear in documents in the record. There is no question both names refer to the same person.

coverage. Scott filed suit against the Reedys on September 15, 1993, for breach of the earnest money contract and breach of warranty. He sought specific performance and damages. His suit also asserted claims against Powell for trespass to try title and to remove the cloud on his title. Powell filed counterclaims against Scott. *See Powell v. Scott,* No. 07-97-0241-CV (Tex.App.–Amarillo July 14, 1998, no pet) (unpublished opinion). The record indicates the claims between Scott and Powell were settled in June 1999, resulting in Powell's release of her claims under the May 1991 agreement.[2]

Scott sold the property for $35,000 in April 2000. In May 2001 he moved for summary judgment on the basis his summary judgment evidence conclusively established the Reedys' breach of the earnest money contract. The motion alleged he was "precluded from selling the property because of the encumbrances created by" the lease and agreement filed by Powell. Scott's motion also sought recovery of liquidated damages, including attorney's fees.

The Reedys filed a response May 22, 2001, in which they objected to Scott's summary judgment affidavit on the basis it was conclusory, and asserted that a factual dispute existed concerning Scott's actual notice of Powell's claim to the property and his "failure to timely record the deed [from the Reedys]." The Reedys offered the affidavit of J.H. Reedy in support, which asserted Scott "was aware of litigation between [Reedy] and [Powell] regarding this real estate in the justice and county courts of Wheeler County,

---

[2] The lease terminated by its own terms in June 1994. The earlier, separate suit between the Reedys and Powell was dismissed in January 1995.

Texas when [he] purchased said property[.]"  The trial court heard the summary judgment motion the same day but took no immediate action on it.

The Reedys then filed a third amended answer, adding their allegations that Scott was aware of the litigation over the property at the time of his purchase.  Scott subsequently objected to J.H. Reedy's affidavit asserting it sought to establish an affirmative defense which was never plead.  In a brief filed in support of his motion Scott conceded actual knowledge of Powell's interest would bar his claim, but reiterated his position that the absence of a pleading to support the defense prevented consideration of the evidence.  He also argued the court should not permit the filing of the Reedys' amended answer because they failed to obtain leave of court to file the amendment less than seven days before the hearing on his motion.  *See* Tex. R. Civ. P. 63; *Goswami v. Metropolitan Sav. & Loan Ass'n*, 751 S.W.2d 487, 490 (Tex. 1988) (applying Rule 63 to amendments before summary judgment hearing).

The trial court later held a second hearing at which it denied the Reedys' motion for leave to file their third amended answer but sustained a challenge to a portion of Scott's attorney's fees.  It granted Scott's motion and rendered a final summary judgment in his favor, awarding damages of $51,964.02, prejudgment interest of $28,607.19, and attorney's fees of $8,880.17.  The Reedys requested findings of fact and conclusions of law and timely perfected appeal.

The Reedys present three points of error on appeal.  They contend the trial court erred in (1) failing to file properly requested findings of fact and conclusions of law; (2)

granting the motion for summary judgment because the pleadings and evidence raise a genuine question on Scott's actual knowledge "of that which [Scott] claims as a cloud on his title"; and (3) granting the motion for summary judgment because the pleadings and evidence raised an issue on Scott's constructive notice of the cloud on the title.

The Reedys cite Rule of Civil Procedure 296, *Tenery v. Tenery*, 932 S.W.2d 29 (Tex. 1996), and *Cherne Industries, Inc. v. Magallanes*, 763 S.W.2d 768 (Tex. 1989), for the proposition that a trial court's failure to file findings of fact on a proper request is presumed harmful. Their reliance on those authorities is misplaced. The Texas Supreme Court has consistently held requests for findings of fact and conclusions of law "have no place in a summary judgment proceeding." *IKB Industries Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 441 (Tex. 1997); *Linwood v. NCNB Texas*, 885 S.W.2d 102, 103 (Tex. 1994). This is so because for summary judgment to be rendered, there cannot be a genuine issue as to any material fact, Tex. R. Civ. P. 166a(c), and the legal grounds are limited to those stated in the motion and response. 938 S.W.2d at 441. We overrule the Reedys' first point.

In their two remaining points the Reedys argue the pleadings and summary judgment evidence raised a fact issue on Scott's actual or constructive notice of Powell's claim to the property and such notice, if proven, would defeat Scott's claim. On appeal, Scott continues to characterize the Reedys' contention that his notice of Powell's claim defeats his breach of contract action as an affirmative defense, and asserts their failure to plead the defense prevents their reliance on it. The Reedys' brief does not directly address the trial court's ruling denying leave to file their third amended petition, by which they attempted to plead Scott's knowledge of Powell's claims. At oral argument, the Reedys

advanced the contention their response to the motion for summary judgment may be considered a pleading for this purpose. By supplemental brief, Scott contests that contention, arguing *Roark v. Stallworth Oil & Gas*, 813 S.W.2d 492, 494 (Tex. 1991), supports the conclusion the Reedys could not raise the affirmative defense of Scott's notice for the first time in their summary judgment response in the face of his objection in the trial court to their failure to plead the affirmative defense. For resolution of the narrow issues presented on appeal, we do not find it necessary to address the sufficiency of the Reedys' pleadings or whether the issues they raised in opposition to Scott's motion for summary judgment are properly characterized as affirmative defenses.

The Reedys second and third points of error are based on the premise that Scott's entitlement to recovery on his breach of contract claim is dependent on his status as a bona fide purchaser. This court has said a bona fide purchaser is one who acquires apparent legal title to property in good faith for a valuable consideration and without actual or constructive notice of an outstanding equity or an adverse interest or title. *Newman v. Coker*, 310 S.W.2d 354 (Tex.Civ.App.–Amarillo 1958, no writ). *See generally* 4 Leopold and Lange, Texas Practice: Texas Land Titles & Title Examination §§ 881-885, 883 n.3 (1992). A bona fide purchaser takes title to the property unburdened by such interests as those based on unrecorded instruments. *See, e.g., Madison v. Gordon*, 39 S.W.3d 604, 606 (Tex. 2001) (per curiam). *See also* Tex. Prop. Code Ann. §13.001 (Vernon 2003).

Contending in support of their second issue that Scott's actual knowledge of Powell's claim to the property "prevented [Scott] from being a bona fide purchaser without notice of such claim and prevented [Scott] from prevailing against [the Reedys] on his claim

therefore," the Reedys cite *Lefevere v. Sears*, 629 S.W.2d 768 (Tex.Civ.App.--El Paso 1981, no writ), *Cornish v. Yarbrough*, 558 S.W.2d 28 (Tex.Civ.App.–Waco 1977, no writ), and *Foster v. Buchele*, 213 S.W.2d 738 (Tex.Civ.App.–Fort Worth 1948, writ ref'd n.r.e.). Contending constructive notice similarly prevented Scott from attaining the status of a bona fide purchaser, they also cite *Langley v. Norris*, 173 S.W.2d 454 (Tex. 1943). The cases cited state the rule that actual or constructive notice of a claimed interest in real property prevents a buyer from avoiding the interest as a bona fide purchaser.[3] Scott denies that his breach of contract claim against the Reedys required him to prove he was a bona fide purchaser.

To be entitled to summary judgment a plaintiff must conclusively establish all the essential elements of his cause of action as a matter of law. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986) (per curiam); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex. 1979). *See Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). In his motion for summary judgment, Scott set out the elements of his cause of action for breach of contract as requiring proof there was a binding earnest money contract between him and the Reedys containing obligations to be performed by both sides; that he performed his obligations as specified in the contract; that the Reedys failed to perform all the obligations required of them by the contract; and that he incurred damages

---

[3]In accordance with the standard of review of a summary judgment, we take the statements in J. H. Reedy's affidavit favorable to his position as true, and indulge every reasonable inference in the Reedys' favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985).

as a result of their breach.[4] Neither his motion nor his summary judgment evidence refers to proof he lacked knowledge of Powell's claims or that he was entitled to bona fide purchaser status with respect to his purchase of the property from the Reedys. We see no basis for a contention that Scott's status as a bona fide purchaser was an element of the breach of contract cause of action on which summary judgment was granted. The cases the Reedys cite do not support such a contention. Nor do we see any reason why Scott's knowledge of Powell's purported interest necessarily would constitute a defense to the breach of contract claim. We must conclude the evidence of Scott's knowledge of Powell's claims was not material to the claim on which he sought summary judgment. A dispute on a fact which is not material does not prevent disposition by summary judgment. *See Howell v. Murray Mortgage Co.*, 890 S.W.2d 78, 84 (Tex.App.–Amarillo 1994, writ denied); *Borg-Warner Acceptance Corp. v. C.I.T. Corp.*, 679

S.W.2d 140, 144 (Tex.App.–Amarillo 1984, writ ref'd n.r.e.). Accordingly, we overrule appellants' second and third points and affirm the trial court's judgment.

---

[4]The essential elements of an action for breach of contract are: (1) the existence of a valid contract; (2) that the plaintiff performed or tendered performance; (3) that the defendant breached the contract; and (4) that the plaintiff was damaged as a result of the breach. *Hussong v. Schwan's Sales Enterprises, Inc.*, 896 S.W.2d 320, 326 (Tex.App.–Houston [1st Dist.] 1995, no writ). This appeal does not present a general issue challenging the grant of summary judgment, *see, e.g., Friedman v. Atlantic Funding Corp.*, 936 S.W.2d 38, 40 n.1 (Tex.App.–San Antonio 1996, no writ), or a contention that the grounds alleged in Scott's motion were insufficient to support summary judgment, *see McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993); *Clear Creek Basin Authority*, 589 S.W.2d at 678.

James T. Campbell
Justice

Johnson, C.J., not participating.