UNITED BUSINESS
MACHINES, Appellant,

v.

ENTERTAINMENT MARKETING,
INC., Appellee.

No. 01-89-01007-CV.

Court of Appeals of Texas,
Houston (1st Dist.).

June 21, 1990.

S. Annette Kasparian, Houston, for appellee.

Bernard E. Brooks, Robert N. Hinton, Houston, for appellant.

Before SAM BASS, COHEN and MIRABAL, JJ.

## OPINION

MIRABAL, Justice.

This is an appeal from a summary judgment.

Plaintiff-appellee brought suit on a sworn account for money due appellee for merchandise sold and delivered to defendant-appellant. Appellee moved for summary judgment on the grounds that (1) appellant's answer was insufficient to contest a sworn account, and (2) appellee's summary judgment evidence entitled appellee to judgment as a matter of law. Appellant then filed a sworn amended original answer denying the truth of the account, denying appellee's entitlement to attorneys' fees, and asserting affirmative defenses claiming entitlement to offsets and credits. Appellant timely filed a response to the motion for summary judgment, stating only that appellee's motion should be denied because appellant had filed an answer in the case "which conforms to Rules 93 and 185 T.R.C.P." The trial court granted summary judgment for appellee, awarding $127,687.16 in principal, plus interest, attorneys' fees, and costs.

In its second point of error, appellant contends the trial court erred in granting summary judgment "when it found that appellant's second amended original answer was insufficient as a matter of law." There is no indication in the record that the trial court found appellant's timely filed second amended original answer was insufficient. Appellee acknowledges that appellant's amended answer complied with Tex. R.Civ.P. 93 and 185, and we find that the answer was sufficient to avoid a summary judgment on the pleadings alone. However, in light of the uncontroverted summary judgment evidence discussed under the following points of error, and in the absence of any indication the trial court granted summary judgment on the pleadings alone, we overrule appellant's second point of error.

In its first point of error, appellant asserts generally that the trial court erred in granting summary judgment. In its third point of error, appellant contends the trial court erred in granting summary judgment because the summary judgment proof failed to substantiate the actual amount due and owing pursuant to rule 185.

It is settled that a defendant's verified denial of the correctness of a plaintiff's sworn account, in the form required by rule 185, destroys the evidentiary effect of the itemized account and forces the plaintiff to put on proof of its claim. *Rizk v. Financial Guardian Ins. Agency, Inc.,*

584 S.W.2d 860, 862 (Tex.1979). A plaintiff can properly recover summary judgment in such a case if it files legal and competent summary judgment evidence establishing the validity of its claim as a matter of law. *Wilkinson v. Texas Employers' Ins. Ass'n,* 444 S.W.2d 222, 223 (Tex.Civ.App.—San Antonio 1969, no writ). We must review the record of a summary judgment in accordance with the following standards:

> (1) The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.
> (2) In deciding whether or not there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.
> (3) Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

■ Appellant argues that appellee failed to produce any evidence of delivery to appellant of the merchandise described in the invoices.

Contrary to appellant's position, appellee presented uncontroverted summary judgment evidence of delivery in the form of a sworn affidavit by appellee's employee who was responsible for appellant's account with appellee, and signed invoices showing receipt of the goods by appellant.

■ Once the movant for summary judgment has established a right to a summary judgment, the burden shifts to the non-movant to respond and present to the trial court any issues that would preclude summary judgment. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). Although appellant's second amended original answer contained affirmative defenses and constituted a sworn denial of the validity of the account sued on, that pleading does not constitute summary judgment evidence. *Id.* Appellant's unsworn response to the motion for summary judgment did no more than assert that appellee was not entitled to summary judgment because appellant had filed a sworn denial of the account in the case; this was not sufficient to raise a fact issue regarding delivery.

■ Appellant next complains that the statements and invoices attached to appellee's motion for summary judgment were not sufficiently itemized or detailed to entitle appellee to summary judgment. We disagree. Appellee's summary judgment proof consisted of affidavits, a sworn summary of the account, and invoices of each open transaction on the account that were substantiated as business records under Tex.R.Civ.Evid. 803(6). Each invoice showed to whom the goods were sold, when, what was sold, the price therefor, terms of payment, and how the goods were to be delivered; each invoice further had a delivery/receipt signature on it. The reasonableness of the prices charged, and the fact that appellant agreed to pay the prices charged, was proven by affidavit. Appellee provided sufficient summary judgment evidence to prove its claim. *See Steves Sash & Door Co. v. WBH Int'l,* 575 S.W.2d 355, 356 (Tex.Civ.App.—San Antonio 1978, no writ).

■ Appellant next complains that the principal amount of the judgment differs from the amount prayed for in appellee's original petition, and therefore, in light of appellant's sworn denial of the account, judgment was granted in error. We disagree. Appellee did not move for summary judgment solely on the pleadings; rather, appellee alternatively moved for summary judgment on the grounds that it had proven its entitlement to judgment by independent, competent summary judgment proof. The fact that summary judgment proof shows that a movant is entitled to recover less than initially pled in the original petition does not prevent a movant from recovering a summary judgment. As discussed above, appellee's summary judgment evidence, in the absence of any controverting evidence by appellant, entitled appellee to summary judgment as a matter of law.

■ We note that during oral argument, appellant raised, for the first time, the com-

plaint that the invoices attached to the motion for summary judgment do not exactly match the information contained in the account summary that was also attached to the motion for summary judgment. This argument was raised too late, and any error has been waived. *Frank B. Hall & Co. v. Beach, Inc.*, 733 S.W.2d 251, 259 (Tex. App—Corpus Christi 1987, writ ref'd. n.r. e.). However, even if timely raised, we find the argument is without merit. The judgment amount is the exact amount shown to be due in the sworn summary of the account. The sum total of the individual invoices *exceeds* the amount shown to be due in the account summary by approximately $250.00. Therefore, we find that the summary judgment evidence established appellee's right to recover *at least* the amount it was awarded by the judgment.

We overrule point of error three.

In point of error four, appellant asserts that the trial court erred in awarding appellee prejudgment interest from September 10, 1988, to the date of judgment. Appellee requested the award of interest in its pleadings. The proper rate of interest, and the date upon which the accrual of interest is to commence in a case such as this, is regulated by statute. Tex.Rev.Civ. Stat.Ann. art. 5069–1.03 (Vernon 1987). Payment terms appear on the face of each invoice. We find the summary judgment evidence established appellee's entitlement to prejudgment interest in *at least* the amount awarded by the court.

We overrule appellant's points of error one and four.

We affirm the judgment.