**Cheryl FRIEDMAN, Appellant,**

v.

**ATLANTIC FUNDING CORPORATION, Appellee.**

**Appeal No. 04–96–00157–CV.**

Court of Appeals of Texas, San Antonio.

Nov. 13, 1996.

Karl A. Basile, San Antonio, for Appellant.

Louis LeLaurin, III, Marita Emmett, Le-Laurin, Emmett & Kessler, L.L.P., San Antonio, for Appellee.

Before CHAPA, C.J., and STONE and GREEN, JJ.

## OPINION

GREEN, Justice.

Cheryl Friedman appeals from a summary judgment on a promissory note rendered in favor of Atlantic Funding Corporation. In

her first point of error, Friedman contends that the trial court erred in granting Atlantic's motion for summary judgment since a genuine issue of material fact existed concerning whether or not Atlantic had acted in a commercially reasonable manner or had notified Friedman of the disposition of her collateral. In her second point of error, Friedman argues that the trial court erred in awarding attorney's fees to Atlantic since a material fact issue existed regarding the reasonableness of the fees. We reverse and remand.

### Facts

To purchase a 1985 TVR British automobile, Cheryl Friedman borrowed money from La Hacienda Savings & Loan Association on May 29, 1986, using the automobile as collateral for the loan. On May 4, 1990, the Resolution Trust Corporation (RTC) was appointed as receiver of La Hacienda. The RTC subsequently sold the note to Eastern Holding Corporation which then sold the note to Atlantic. The note matured on June 11, 1991. At some point prior to the present suit, Friedman returned the automobile to La Hacienda for repossession.

After making a demand for payment, Atlantic filed suit to recover on the promissory note and after discovery, moved for summary judgment. In its motion, Atlantic asked for a judgment on the note and attorney's fees. Friedman, in her response to Atlantic's motion, alleged the existence of material fact issues and referred the court to her Seconded Amended Original Answer, her responses to Atlantic's requests for admissions, and two affidavits. In her own affidavit, Friedman claimed that she returned the automobile at a date prior to the RTC's appointment as a receiver but did not specify the exact date. She also stated that she had not received any information concerning the automobile after she returned it. The trial court rendered summary judgment in favor of Atlantic.

### Discussion

Friedman first presents a broad *Malooly* point of error attacking the grant of Atlantic's summary judgment motion.[1] Friedman argues that Atlantic failed to show that it had notified her of the disposition of the collateral or that the disposition was commercially reasonable.

■■■■ For a creditor to recover in a deficiency suit, he must present evidence showing the commercial reasonableness of the disposition of the collateral and notification of the disposition to the debtor as required by statute. *Greathouse v. Charter Nat'l Bank–Southwest,* 851 S.W.2d 173, 176 (Tex.1992); *Tanenbaum v. Economics Lab., Inc.,* 628 S.W.2d 769, 771 (Tex.1982); *see* TEX. BUS. & COM.CODE ANN. § 9.504(c) (Vernon 1991).[2] Prior to the 1992 *Greathouse* decision, the Texas courts of appeals were split as to whether the creditor carried the burden to prove commercial reasonableness or whether commercial unreasonableness was a defense. *Greathouse,* 851 S.W.2d at 174. Today, it is well-settled that the creditor carries the burden: "A commercially reasonable disposition of collateral is in the nature of a condition to a creditor's recovery in a deficiency suit." *Id.* at 176. "The only limits on the creditor's disposition of the collateral is that it must be commercially reasonable, and must be made only after notification to the debtor if required by section 9.504. Then and only then

---

**1.** *See Malooly Bros., Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970) (broad point of error sufficient to allow argument on all possible grounds upon which summary judgment should have been denied); *see* TIMOTHY PATTON, SUMMARY JUDGMENTS IN TEXAS: PRACTICE, PROCEDURE AND REVIEW, § 8.03[1] (2d ed. 1996).

**2.** Section 9.504(c) of the Texas Business and Commerce Code provides in pertinent part:

Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, if he has not signed after default a statement renouncing or modifying his right to notification of sale....

is he entitled to sue for a deficiency." *Tanenbaum*, 628 S.W.2d at 771. The creditor's burden can be met by pleading specifically or averring generally that all conditions precedent have been met. *Greathouse*, 851 S.W.2d at 176–77.

Atlantic attempts to distinguish *Greathouse* from the present facts by noting that *Greathouse* involved the original parties to a note whereas the present suit involves a federal holder in due course. Relying on *NCNB Texas National Bank v. Campise*, 788 S.W.2d 115 (Tex.App.—Houston [14th Dist.] 1990, writ denied) and *Smith v. Federal Deposit Insurance Corporation*, 800 S.W.2d 648 (Tex.App.—Houston [14th Dist.] 1990, writ dism'd by agr.), Atlantic responds that because it is a holder in due course, it is not subject to the "personal defenses" of commercial reasonableness and notice. However, both *Smith* and *Campise* were decided prior to *Greathouse*. Additionally, in resolving the conflict among the courts of appeals, the Texas Supreme Court cited *Smith*, which involved a holder in due course, in its *Greathouse* decision as being part of the split that found commercial reasonableness as a defense rather than as a condition precedent. *See Greathouse*, 851 S.W.2d at 174 n. 3.

Two appellate court cases subsequent to *Greathouse* arrived at two different conclusions regarding the issue of holder in due course status and its relation to commercial reasonableness and notice. In *Roquemore v. National Commerce Bank*, a subsequent holder sued on a note as a federal holder in due course, arguing that it took the note free of the commercial reasonableness defense. 837 S.W.2d 212, 214 (Tex.App.—Texarkana 1992, no writ). Noting that *Greathouse* firmly established commercial reasonableness as a condition precedent and not a defense, the Texarkana court held that the subsequent holder did not take the note free from the requirement of pleading in some form that the conditions precedent had been met. *Id.* In *Burns v. Resolution Trust Corporation*, however, the Houston court of appeals found that a debtor's lack of notice regarding the disposition of the collateral was a personal defense and thus ineffective against a holder in due course. 880 S.W.2d 149, 154 (Tex.

App.—Houston [14th Dist.] 1994, no writ). In reaching this decision, the court relied on its previous holdings in *Smith* and *Campise*, without ever mentioning *Greathouse*. *See id.*

■ We believe *Roquemore* is correct in resolving this issue because *Burns* failed to recognize that the supreme court in *Greathouse* established that notice of the disposition of collateral and commercial reasonableness were conditions precedent to a creditor's right to recover in a deficiency suit and were not defenses to be asserted by the debtor. *See Greathouse*, 851 S.W.2d at 176 (citing *Tanenbaum v. Economics Lab., Inc.*, 628 S.W.2d 769 (Tex.1982)). Holder in due course status may immunize the holder from certain personal defenses, but it does not eliminate the holder's responsibility to meet the elements of its own cause of action. *See Roquemore*, 837 S.W.2d at 214.

■ Here, nothing in the record indicates that Atlantic pled or proved that it met any conditions precedent. The only reference in the record regarding the disposition of the collateral occurs in Friedman's affidavit in which she states that she returned the automobile to La Hacienda but never heard from anyone what happened to the automobile or for how much it sold. This uncontroverted statement tends to show that Friedman was not notified of the disposition of the collateral. The record fails to indicate that Atlantic pled or met the conditions precedent—proof of commercial reasonableness and notification—to its recovering on the note. Thus, Atlantic did not prove all of the elements of its cause of action.

■ Atlantic contends, however, that by not first presenting the issue to the trial court Friedman waived her complaint concerning Atlantic's failure to allege or prove that all conditions precedent had been met.

■ "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." TEX.R. CIV. P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 676 (Tex.1979). The non-movant must expressly present to the trial court any issues or reasons defeat-

ing the movant's entitlement to summary judgment. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex.1993). Any issue not presented in the non-movant's response cannot be raised later on appeal. *Clear Creek*, 589 S.W.2d at 678.

■ However, a summary judgment must stand on its own merit. *McConnell*, 858 S.W.2d at 343. The movant still must establish his right to a summary judgment by conclusively proving all essential elements of his cause of action or defense as a matter of law. *Clear Creek*, 589 S.W.2d at 678. Therefore, the non-movant does not need to file an answer or response to the motion to challenge the legal sufficiency of the grounds presented by the movant. *McConnell*, 858 S.W.2d at 343; *Clear Creek*, 589 S.W.2d at 678.

In the case at bar, Friedman admittedly did not expressly present her argument regarding notification or commercial reasonableness to the trial court. Nevertheless, this complaint may be urged on appeal since it challenges the legal sufficiency of Atlantic's grounds for summary judgment. Because Atlantic never pled or produced any evidence demonstrating that it met the conditions set out in section 9.504(c) of the Texas Business and Commerce Code, Atlantic's motion for summary judgment does not stand on its own. Thus, according to *Greathouse*, Atlantic has not met its burden of showing itself entitled to recover on the promissory note. We sustain Friedman's first point of error.

■ In her second point of error, Friedman challenges the trial court's award of attorney's fees to Atlantic. Since we hold that the trial court improperly granted Atlantic's summary judgment, we also reverse the trial court's award of attorney's fees. *See Harris County Appraisal Dist. v. Reynolds/Texas, J.V.*, 884 S.W.2d 526, 529 (Tex. App.—El Paso 1994, no writ).

Accordingly, we reverse the trial court's summary judgment in favor of Atlantic and its award of attorney's fees and remand the cause to the trial court for further proceedings.