COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-457-CV

 

 

DARRELL K. WALLANDER                                                     APPELLANT

 

                                                   V.

 

TEXOMA COMMUNITY CREDIT UNION                                      APPELLEE

 

                                              ------------

 

             FROM THE 89TH
DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

In five issues, appellant Darrell K. Wallander
appeals the trial court=s order granting the summary
judgment motion of appellee Texoma Community Credit Union (Texoma) on its claim
for a deficiency judgment following the sale of Wallander=s
repossessed car.  We affirm.








                                        Background
Facts

In 2001, Texoma agreed to make occasional loan
advances to Wallander.[2]  On April 27, 2005, Wallander borrowed
$6,024.75 from Texoma, agreeing to pay monthly installments on the loan and
offering his 1999 Pontiac as security.[3]  Wallander defaulted on the loan, and Texoma
repossessed the car and sold it. 
However, the sales price did not cover Wallander=s
remaining debt.

In May 2008, Texoma filed its petition, seeking a
judgment for the unpaid debt of $3,913.86 plus attorney=s
fees.  Texoma attached copies of the loan
documents to its petition.  Wallander
answered by way of general denial.

In September 2008, Texoma filed its motion for
summary judgment.[4]  The motion included an affidavit from Ken
Thomason, Texoma=s chief lending officer,
swearing to the validity of the loan documents, Wallander=s
default and his refusal to pay the balance, and Thomason=s
familiarity with appropriate statutory procedures.








Wallander filed a response.  He noted that Texoma filed its motion less
than two months after he had appeared and answered, and he objected to the
summary judgment submission setting based on his alleged insufficient time to
prepare his case.  He submitted a letter
from Texoma dated June 25, 2007, stating that the car had sold for $200 and the
deficiency was $6,321.86.  He also
objected to Thomason=s affidavit.  He contended that there were genuine material
issues of fact, citing the discrepancy between the $200 sales price indicated
in Texoma=s letter and the $2,608 sales
price claimed in Thomason=s affidavit.

On October 28, 2008, the trial court granted
summary judgment for Texoma in the amount of $4,341.96 plus attorney=s fees
and interest.  This appeal followed.

          The
Propriety of the Trial Court=s
Summary Judgment Decision

Summary judgment principles








We review summary judgments de novo.  Gray v. Nash, 259 S.W.3d 286, 289
(Tex. App.CFort Worth 2008, pet.
denied).  The function of summary
judgment practice is not to deprive a litigant of the right to a jury trial but
to eliminate patently unmeritorious claims and untenable defenses.  Gulbenkian v. Penn, 151 Tex. 412, 416,
252 S.W.2d 929, 931 (1952).  Summary
judgment is proper when parties do not dispute the relevant facts.  Havlen v. McDougall, 22 S.W.3d 343,
345 (Tex. 2000).

In a summary judgment case, the issue on appeal
is whether the movant met the summary judgment burden by establishing that no
genuine issue of material fact exists and that the movant is entitled to
judgment as a matter of law.  Tex. R.
Civ. P. 166a(c); Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex.
2002); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678
(Tex. 1979).  The burden of proof is on
the movant, and all doubts about the existence of a genuine issue of material
fact are resolved against the movant.  Sw.
Elec. Power Co., 73 S.W.3d at 215.

When reviewing a summary judgment, we take as
true all evidence favorable to the nonmovant, and we indulge every reasonable
inference and resolve any doubts in the nonmovant=s
favor.  Valence Operating Co. v.
Dorsett, 164 S.W.3d 656, 661 (Tex. 2005). 
Evidence that favors the movant=s
position will not be considered unless it is uncontroverted.  Great Am. Reserve Ins. Co. v. San Antonio
Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965).  But we must consider whether reasonable and
fair-minded jurors could differ in their conclusions in light of all of the
evidence presented.  See Wal-Mart
Stores, Inc. v. Spates, 186 S.W.3d 566, 568 (Tex. 2006); City of Keller
v. Wilson, 168 S.W.3d 802, 822B24 (Tex.
2005).








We can only consider the material on file with
the trial court as of the time the summary judgment was granted.  Brookshire v. Longhorn Chevrolet Co.,
788 S.W.2d 209, 213 (Tex. App.CFort
Worth 1990, no writ).  Pleadings, even if
sworn to, do not constitute summary judgment proof.  Laidlaw Waste Sys., Inc. v. City of Wilmer,
904 S.W.2d 656, 660 (Tex. 1995).

Analysis

In five related issues, Wallander asserts that
summary judgment is precluded because (1) Texoma=s
pleadings did not follow the provisions of rule 185 of the rules of civil
procedure; (2) Texoma failed to prove that the sale of the car was commercially
reasonable or that it complied with sections 9.610 and 9.611 of the business
and commerce code; and (3) there are genuine material issues of fact.  See Tex. R. Civ. P. 185; Tex. Bus.
& Com. Code Ann. '' 9.610B.611
(Vernon 2002).

Compliance with rule 185 of the rules of civil
procedure

In his second issue, Wallander argues that the
trial court erred by granting Texoma=s
summary judgment motion because Texoma=s
pleadings did not follow rule 185 to establish sufficient evidence to support a
prime facie case in a suit on a sworn account. 
The rule states,








When any action or
defense is founded upon an open account or other claim for goods, wares and
merchandise, including any claim for a liquidated money demand based upon
written contract or founded on business dealings between the parties, or is for
personal service rendered, or labor done or labor or materials furnished, on
which a systematic record has been kept, and is supported by affidavit of the
party, his agent or attorney taken before some officer authorized to administer
oaths, to the effect that such claim is, within the knowledge of the affiant,
just and true, that it is due, and that all just and lawful offsets, payments
and credits have been allowed, the same shall be taken as prima facie evidence
thereof, unless the party resisting such claim shall file a written denial,
under oath.  A party resisting such a
sworn claim shall comply with the rules of pleading as are required in any
other kind of suit, provided, however, that if he does not timely file a
written denial, under oath, he shall not be permitted to deny the claim, or any
item therein, as the case may be.  No
particularization or description of the nature of the component parts of the
account or claim is necessary unless the trial court sustains special
exceptions to the pleadings.

 

Tex. R. Civ. P. 185.

 








When a plaintiff properly complies with rule 185,
a defendant must file a sworn denial to defend against the plaintiff=s prima
facie claim.  Panditi v. Apostle,
180 S.W.3d 924, 926B27 (Tex. App.CDallas
2006, no pet.); see Rizk v. Fin. Guardian Ins. Agency, Inc., 584 S.W.2d
860, 862 (Tex. 1979) (explaining that a verified denial Adestroys
the evidentiary effect of the itemized account attached to the petition and
forces the plaintiff to put on proof of his claim@).  When a plaintiff does not comply with the
rule, an unsworn general denial is a sufficient initial response to the
claim.  See Babwah v. Mem=l City
Gen. Hosp. Corp., No. 14-93-00240-CV, 1994 WL 35571, at *1 n.1
(Tex. App.CHouston [14th Dist.] Feb. 10,
1994, no writ) (not designated for publication).

Thus, under either of these scenarios, a
defendant may negate a pleading on an itemized account and force the plaintiff
to put on proof of its claim.  United
Bus. Machs. v. Entm=t Mktg.,
Inc., 792 S.W.2d 262, 263B64 (Tex.
App.CHouston
[1st Dist.] 1990, no writ).  However, a
plaintiff can still properly recover summary judgment in such a case if it
files legal and competent summary judgment evidence establishing the validity
of its claim as a matter of law.  See
id. at 264; see also Birdwell v. Texins Credit Union, 843 S.W.2d
246, 248 (Tex. App.CTexarkana 1992, no writ)
(examining rule 185 and distinguishing between a judgment awarded on the basis
of that rule and a judgment awarded on the basis of a separate summary judgment
motion).  Such is the case here.

Texoma filed an unsworn petition with copies of
the loan documents attached.  Later,
Texoma filed a separate motion for summary judgment with the Thomason affidavit
and the same loan documents attached; Texoma did not move for judgment based
solely on its petition.








Wallander has not directed us to any cases
indicating that a plaintiff=s
failure to follow the pleading standards of rule 185 precludes that plaintiff
from later successfully litigating a separate summary judgment motion.[5]  Therefore, even if Texoma=s
petition was not initially compliant with rule 185, that noncompliance is
immaterial to the trial court=s
decision to grant its subsequently-filed summary judgment motion.  See Birdwell, 843 S.W.2d at 248; United
Bus. Machs., 792 S.W.2d at 264.  We
overrule Wallander=s second issue.

Statutory requirements
related to the commercial reasonableness of Texoma=s sale of Wallander=s car

 








In his first, third, and fourth issues, Wallander
argues that the trial court erred in granting Texoma=s motion
because Texoma failed to prove commercial reasonableness in accordance with
sections of the business and commerce code. 
Section 9.610 of the business and commerce code regards disposition of
collateral after default (including the requirement of commercial
reasonableness), and section 9.611 concerns notification before disposal of
collateral.  Tex. Bus. & Com. Code
Ann. '' 9.610B.611.[6]  These statutory requirements are in the
nature of conditions to a creditor=s
recovery in a deficiency suit.  See
Greathouse v. Charter Nat=l Bank-Sw., 851
S.W.2d 173, 176 (Tex. 1992).

However, A[i]n a
suit brought by a secured creditor to recover a deficiency following the sale
of collateral, if a creditor pleads that all conditions precedent have been
performed or have occurred, it is required to prove that its disposition of the
collateral was commercially reasonable only if the debtor specifically denies
it in his answer.@ 
Al Gailani v. Riyad Bank, Houston Agency, 144 S.W.3d 1, 3 (Tex.
App.CEl Paso
2003, pet. denied) (citing Greathouse, 851 S.W.2d at 176B77).  As the San Antonio court of appeals
explained,








For a creditor to recover
in a deficiency suit, he must present evidence showing the commercial
reasonableness of the disposition of the collateral and notification of the
disposition to the debtor as required by statute.  Prior to the 1992 Greathouse decision,
the Texas courts of appeals were split as to whether the creditor carried the
burden to prove commercial reasonableness or whether commercial
unreasonableness was a defense.  Today,
it is well‑settled that the creditor carries the burden:  AA commercially reasonable disposition of
collateral is in the nature of a condition to a creditor=s recovery in a
deficiency suit.@  AThe only limits on the creditor=s disposition of the
collateral is that it must be commercially reasonable, and must be made only
after notification to the debtor if required by section 9.504.[7]  Then and only then is he entitled to sue for
a deficiency.@  The creditor=s burden can be met by
pleading specifically or averring generally that all conditions precedent have
been met.

 

Friedman v. Atl. Funding Corp., 936 S.W.2d 38, 40B41 (Tex.
App.CSan
Antonio 1996, no writ) (citations and footnotes omitted) (emphasis added); see McGee
v. Deere & Co., No. 03‑04‑00222‑CV, 2005 WL 670505,
at *2 (Tex. App.CAustin Mar. 24, 2005, pet.
denied) (mem. op.) (explaining that the Aburden
of showing commercially reasonable disposition of collateral and notification
of disposition to debtor can be met by pleading specifically or averring
generally that all conditions precedent to deficiency suit have been met@); see
also Tex. R. Civ. P. 54 (stating that in pleading performance of a
condition precedent, Ait shall be sufficient to aver
generally that all conditions precedent have been performed or have
occurred.  When such performances or
occurrences have been so pled, the party so pleading same shall be required to
prove only such of them as are specifically denied by the opposite party@).








In its petition, Texoma alleged, AAll
conditions precedent to [the] right of recovery on this claim have occurred or
have been performed.@ 
Wallander answered with a general denial.  Because Wallander did not specifically deny
the occurrence of the statutory conditions, Texoma=s
pleading is sufficient, and no proof is needed. 
See Greathouse, 851 S.W.2d at 176B77; Al
Gailani, 144 S.W.3d at 3; Friedman, 936 S.W.2d at 40B41; cf.
Lister v. Lee‑Swofford Invs., L.L.P., 195 S.W.3d 746, 748 (Tex. App.C
Amarillo 2006, no pet.) (analyzing section 9.610 and stating that because the
defendants raised the issue of the commercial reasonableness of the sale of the
collateral in their pleadings, the plaintiff bore the burden at trial to prove
that its sale was commercially reasonable).[8]








We therefore overrule Wallander=s first,
third, and fourth issues.[9]

The discrepancy of the summary judgment evidence
on damages

Finally, in the remainder of his fifth issue,
Wallander argues that the trial court erred by granting Texoma=s motion
because he demonstrated the existence of a genuine issue of material fact.  The parties agree that Wallander entered into
the loan transaction with Texoma, that Wallander=s car
was repossessed and sold, and that the sales price was less than the debt
owed.  However, as is described above,
the summary judgment record contains a discrepancy about the amount for which
the car was sold, with Wallander=s
summary judgment proof indicating a larger resulting deficiency.

Wallander filed a letter from Texoma stating the
car was sold for $200.  Texoma filed
Thomason=s
affidavit stating the car was sold for $2,608. 
Thus, the amount used by Texoma as an offset for Wallander=s
outstanding debt is actually higher than that used by Wallander, giving
Wallander a larger credit against his debt and leaving him with a smaller
deficiency.








Even if the price difference is a fact issue, it
is not material.  It does not affect the
decision of the case on its merits and actually weighs in favor of
Wallander.  We conclude and hold that the
summary judgment must be affirmed because the evidence indicates that Texoma is
entitled to at least the amount of damages contained in the judgment.[10]  See D. G. Bros. v. Pizza Inn, Inc.,
No. 06‑98‑00151‑CV, 2000 WL 16470, at *5 (Tex. App.CTexarkana
Jan. 12, 2000, pet. denied) (not designated for publication); United Bus.
Machs., 792 S.W.2d at 265; cf. Roadside Stations, Inc. v. 7HBF, Ltd.,
904 S.W.2d 927, 933 (Tex. App.CFort
Worth 1995, no writ) (reversing a summary judgment because the appellees did
not prove the amount of damages entered in the judgment).  We therefore overrule Wallander=s fifth
issue.

                                             Conclusion

Having overruled all of Wallander=s
issues, we affirm the trial court=s
judgment.

 

TERRIE
LIVINGSTON

JUSTICE

 

PANEL:  LIVINGSTON, GARDNER, and WALKER, JJ.

 

DELIVERED:  June 11, 2009











[1]See Tex. R. App. P. 47.4.





[2]As part of the 2001
agreement, Texoma gained the right to take possession of and sell any property
given as security for a particular loan advance.  The agreement stated that Wallander still had
to pay any debt remaining after the property had been sold.





[3]At the time of the 2005
loan, the parties valued Wallander=s car at $7,875.





[4]Because of the accrual of
interest since filing its petition, Texoma sought $4,341.96 in damages in its
summary judgment motion, along with $1,500 in attorney=s fees.





[5]Enernational Corp. v.
Exploitation Eng=rs, Inc., which is relied upon by
Wallander in his brief, regarded only a summary judgment on the pleadings
based on compliance with rule 185; it did not concern a separately-filed and
independently-supported summary judgment motion under other rules of civil
procedure.  705 S.W.2d 749, 750 (Tex.
App.CHouston [1st Dist. ]
1986, writ ref=d n.r.e.).





[6]Although Wallander=s argument on appeal
relies on these sections, he did not discuss or even cite either provision in
his two-page summary judgment response at trial.





[7]Former section 9.504 of
the business and commerce code has been equated to current sections 9.610 and
9.611.  See Caprock Inv. Corp. v.
F.D.I.C., 17 S.W.3d 707, 712B13 (Tex. App.CEastland 2000, pet. denied).





[8]We note that Thomason=s affidavit demonstrated
Texoma=s compliance with the
business and commerce code.  In the
affidavit, he stated,

 

I am [] familiar with the
requirements imposed upon a creditor for a commercially reasonable sale and
disposition of collateral in keeping with Article 9 of the Texas Business and
Commerce Code.  I am familiar with what
are the reasonable, ordinary and prudent commercial practices of a lender in
such situations.  I have been involved in
repossessions and resale of vehicles on numerous occasions and I am aware of
the best procedure available following default in order to obtain the highest
price for such vehicles and to dispose of them in a commercially reasonable
manner.

 

An employee of the credit
union previously examined the vehicle held as collateral for the loan involved
in this lawsuit . . . .  All efforts were
made to obtain the highest value at the time of the sale of the collateral and
to conduct such sale . . . in a commercially reasonable manner.  The [vehicle was sold] for a net value of
$2,608.00 and credit was applied accordingly to the loan balances owed by
[Wallander].  The procedures used in the
sale of the collateral were conducted in a commercially reasonable manner as
required by the Code.

 

Thomason=s affidavit also recited
that Texoma had allowed Wallander Aall payments, offsets[,] and credits.@





[9]Part of Wallander=s fifth issue also
concerns the commercial reasonableness of Texoma=s sale of his car.  For the same reasons, we overrule that
portion of his fifth issue.





[10]Texoma has not complained
that it is owed more.