

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00314-CV

KALSOOM AHMAD                                  APPELLANT

V.

SANJAY MATHUR                                  APPELLEE

----------

## FROM THE 324TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Kalsoom Ahmad appeals from the trial court's order granting summary judgment in favor of appellee Sanjay Mathur and subsequent denial of her motion for new trial. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

# I. PROCEDURAL BACKGROUND

This appeal arises from a divorce action. In April 2011, Ahmad and her husband, Ishfaq Ahmad, filed a petition and a counterpetition for divorce. Approximately one year after filing her counterpetition and while the divorce was still pending, Ahmad hired Mathur to represent her. About six months later, on October 31, 2012, the trial court granted Mathur's motion to withdraw as Ahmad's counsel.

On January 10, 2013, Mathur filed a petition in intervention in the divorce action seeking payment for the legal services he rendered to Ahmad, raising a claim for breach of an employment contract and alternatively alleging quantum meruit and a suit on account. *See* Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (West 2008); Tex. R. Civ. P. 48, 185. Mathur alleged that the "principal balance due . . . on [Ahmad's] account is $61,490.85." Mathur attached to the petition a copy of Ahmad and Mathur's employment agreement and copies of Mathur's bills showing a balance due of $73,816.23. Mathur averred in his attached, verifying affidavit that Ahmad's balance due was $61,490.85 after "all just and lawful offsets, payments, and credits have been allowed."

The trial court entered a final divorce decree on February 22, 2013.[2] On March 13, 2013, Mathur sought a severance of his intervention petition from the divorce action. On May 13, 2013, Mathur filed a motion for summary judgment

---

[2]The appeal from the final divorce decree is pending in this court. *Ahmad v. Ahmad*, No. 02-13-00038-CV.

on his claims in intervention against Ahmad. Mathur's motion was based on the fact that Ahmad had failed to respond timely to his request for admissions, which had been served on her on February 12, 2013. The trial court granted the severance on June 16, 2013, and granted Mathur's summary-judgment motion on each of his claims on June 18, 2013. The trial court awarded Mathur $73,816.23 against Ahmad.[3] Ahmad, representing herself pro se, filed a motion for new trial, which the trial court denied on August 19, 2013. Ahmad now appeals the trial court's summary judgment and, presumably, the trial court's denial of her motion for new trial.

## II. NOTICE

On appeal, Ahmad argues that the trial court erred by granting summary judgment and denying her motion for new trial because Ahmad was not given an opportunity to respond to Mathur's motion for summary judgment. Specifically, Ahmad asserts that she did not receive Mathur's request for admissions or motion for summary judgment. Ahmad raised this argument at the summary-judgment hearing and in her motion for new trial. Ahmad supported her new-trial

---

[3]The fact that the amount awarded is different from the amount Mathur pleaded in his petition is not a fatal defect in the judgment because the summary-judgment evidence conclusively showed that Ahmad owed Mathur the amount awarded by the trial court. *See United Bus. Machs. v. Entm't Mktg., Inc.*, 792 S.W.2d 262, 264–65 (Tex. App.—Houston [1st Dist.] 1990, no writ). Both amounts were within the jurisdictional limits of the trial court. *See* Tex. Gov't Code Ann. § 24.007 (West Supp. 2013), § 24.601(a) (West 2004).

motion with her affidavit, in which she averred that she never received Mathur's motion for summary judgment or the request for admissions.

## A. RECORD EVIDENCE REGARDING NOTICE TO AHMAD

The record shows that Mathur served the request for admissions on Ahmad by regular and certified mail at her street address on February 12, 2013. Ahmad did not respond to the request. Mathur later served Ahmad with his motion for summary judgment on May 10, 2013, by sending her a copy by regular and certified mail at a P.O. Box address, which Mathur stated was Ahmad's "new mailing address." Attached to the summary-judgment motion was a notice of hearing, setting Mathur's motion for a hearing on June 18, 2013. Mathur averred that the motion was not returned as undeliverable.

On June 18, 2013—the same day the summary-judgment hearing was held—Ahmad filed a "Response to . . . Mathur's Explanation," in which she asserted Mathur had committed legal malpractice in his handling of her case and that Mathur's requested fee was "unreasonable." She did not assert in the response that she had never received notice of the request, the motion, or the hearing. Ahmad also attended the summary-judgment hearing and stated that she never received the request for admissions or the summary-judgment motion.[4] The trial court granted Mathur's motion based on the facts admitted in

---

[4]Ahmad's testimony at the hearing is not competent summary-judgment evidence. *See* Tex. R. Civ. P. 166a(c) ("No oral testimony shall be received at the hearing."); *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359

4

the request for admissions, which conclusively established the elements of Mathur's claims.  *See* Tex. R. Civ. P. 198.2(c), 198.3.

At the subsequent hearing on Ahmad's motion for new trial, Ahmad again asserted that she never received the request or the motion.  The trial court denied the motion because she had failed to properly and timely raise her argument that she was never served with the operative documents.

## B. APPLICATION

### 1. Summary Judgment

We review a summary judgment de novo.  *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).  We indulge every reasonable inference and resolve any doubts in the nonmovant's favor.  *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008).  A plaintiff is entitled to summary judgment on a cause of action if he conclusively proves all essential elements of the claim.  *See* Tex. R. Civ. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986).

The nonmovant must expressly present to the trial court in writing any reasons for avoiding the movant's right to summary judgment.  *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993) (plurality op.); *Mercier v. Sw. Bell Yellow Pages, Inc.*, 214 SW.3d 770, 774–75 (Tex. App.— Corpus Christi 2007, no pet.) (op. on reh'g).  Any summary-judgment issues not raised in a timely, written response to the movant's summary-judgment grounds

(Tex. 1998) ("[O]ral testimony cannot be adduced in support of or opposition to a motion for summary judgment . . . .").

5

are waived. *See* Tex. R. Civ. P. 166a(c) ("[T]he adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response. . . . Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.").

As he argued in his summary-judgment motion, Mathur conclusively proved all essential elements of his claims for breach of the employment agreement, quantum meruit, and suit on account based on the deemed admissions. He further supported these arguments with verified copies of the employment agreement and his bills for services rendered to Ahmad. Ahmad did not dispute any of these issues in her response. Therefore, Mathur met his summary-judgment burden to conclusively prove all essential elements of his claims, causing the summary-judgment burden to shift to Ahmad to present to the trial court any ground that would preclude summary judgment. *See Hackberry Creek Country Club, Inc. v. Hackberry Creek Home Owners Ass'n*, 205 S.W.3d 46, 50 (Tex. App.—Dallas 2006, pet. denied).

Ahmad failed to raise her notice argument in her written summary-judgment response; thus, her argument was waived. *See* Tex. R. Civ. P. 166a(c). Summary judgment, therefore, was appropriate because Mathur had shown his right to judgment as a matter of law on each claim.

## 2. New Trial

Ahmad again raised her lack-of-notice argument in her motion for new trial and in her attached affidavit. *See* Tex. R. Civ. P. 324(b)(1); *Tivoli Corp. v. Jewelers Mut. Ins. Co.*, 932 S.W.2d 704, 710 (Tex. App.—San Antonio 1996, writ denied). We review the trial court's denial of Ahmad's motion for new trial after a default summary judgment for an abuse of discretion. *See Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 683–85 (Tex. 2002) (op. on reh'g). If Ahmad established that she did not receive notice of the request or the motion, the trial court would have abused its discretion in denying her motion for new trial. *See Limestone Constr., Inc. v. Summit Commercial Indus. Props., Inc.*, 143 S.W.3d 538, 544 (Tex. App.—Austin 2004, no pet.). But bare allegations of lack of notice do not suffice; thus, Ahmad was required to offer competent evidence in support of her claim. *See Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 82 (Tex. 1992).

"When a letter, properly addressed and postage prepaid, is mailed, there exists a presumption that the notice was duly received by the addressee." *Thomas v. Ray*, 889 S.W.2d 237, 238 (Tex. 1994) (orig. proceeding). Further, a proper certificate of service is "prima facie evidence of the fact of service." Tex. R. Civ. P. 21a(e). By providing proof of service through the certificates of service and by affidavit—which showed that Ahmad was served under rule 21a at her most current address and that the documents were not returned as

7

undeliverable—Mathur provided prima facie evidence that Ahmad was properly served with the request and motion and received both.

To rebut this presumption, Ahmad proffered her affidavit in which she averred that she received neither the request nor the motion. She made the same statements during the hearing on her motion for new trial. These bare allegations are insufficient to rebut the presumption established by Mathur that Ahmad was properly served and received the documents. *Cf. Rabie v. Sonitrol of Houston, Inc.*, 982 S.W.2d 194, 197–98 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (delineating rebuttal evidence sufficient to overcome presumption that party was properly served and received notice of motion for summary judgment). Further, we note that Ahmad had sufficient notice of the summary-judgment hearing (which was attached to Mathur's motion for summary judgment), filed a late response, and appeared at the hearing. But she failed to avail herself of the available procedures to ensure that she could appropriately respond to Mathur's motion before the trial court entered judgment. *See Carpenter*, 98 S.W.3d at 685–86 (recognizing that party who discovers lack of notice before summary-judgment hearing has remedies under the civil procedure rules that allow for relief before summary judgment is entered). This fact, as well, shows that the trial court did not abuse its discretion in denying Ahmad's motion for new trial.

### III. MOTION FOR SANCTIONS

Mathur filed a motion in this court seeking sanctions against Ahmad for filing a frivolous appeal. Indeed, we are empowered to award "just damages" to

8

a prevailing party on appeal if we "determine[] that an appeal is frivolous." Tex. R. App. P. 45. In determining whether an appeal is frivolous, we are to look objectively at the appellate record, from the appellant's point of view at the time the appeal was taken, to determine if she had reasonable grounds to believe the case could be reversed. *See Smith v. Marshall B. Brown, P.C.*, 51 S.W.3d 376, 381 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). In short, Mathur must show that Ahmad had no reasonable ground to believe the judgment would be reversed. *See Xtria L.L.C. v. Int'l Ins. Alliance Inc.*, 286 S.W.3d 583, 598–99 (Tex. App.—Texarkana 2009, pet. denied); *Smith*, 51 S.W.3d at 381. Just damages under rule 45 are warranted only in "egregious" cases. *Durham v. Zarcades*, 270 S.W.3d 708, 720 (Tex. App.—Fort Worth 2008, no pet.).

We cannot make such a conclusion in this appeal. Although Ahmad's appellate arguments were ultimately unsuccessful, she had a reasonable basis upon which to argue that the trial court's judgment was in error based on her alleged lack of notice of the operative documents that led to the judgment. Ahmad consistently made this argument at the summary-judgment hearing,[5] in her motion for new trial, and on appeal. Indeed, notice is a fundamental, due-process right that should be carefully reviewed. *See, e.g.*, *Limestone Constr.*, 143 S.W.3d at 543–44. Thus, we deny Mathur's motion.

---

[5]As discussed above, however, Ahmad's assertion at the summary-judgment hearing was not timely and did not operate to raise a sufficient ground in opposition to the summary judgment.

## IV.  CONCLUSION

We conclude that the trial court did not err by granting summary judgment in favor of Mathur and did not abuse its discretion in denying Ahmad's motion for new trial.  Thus, we overrule Ahmad's sole issue and affirm the trial court's judgment.  *See* Tex. R. App. P. 43.2(a).


/s/ Lee Gabriel
LEE GABRIEL
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and GABRIEL, JJ.

DELIVERED:  May 8, 2014