**AFFIRM; and Opinion Filed February 25, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01475-CV

**SAMUEL T. RUSSELL, Appellant**
**V.**
**DALLAS COUNTY, CITY OF DALLAS, DALLAS INDEPENDENT SCHOOL DISTRICT, DALLAS COUNTY COMMUNITY COLLEGE DISTRICT, PARKLAND HOSPITAL DISTRICT, AND DALLAS COUNTY SCHOOL EQUALIZATION FUND, Appellees**

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. TX-17-00409**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Carlyle
Opinion by Justice Pedersen, III

Dallas County, on its own behalf and on behalf of the City of Dallas, Dallas Independent School District, Dallas County School Equalization Fund, Dallas County Community College District, and Parkland Hospital District (the taxing authorities), filed suit against Banker's Trust Company, Samuel Todd Russell, Alissa Denise Russell, and Shirley A. Graham, to recover delinquent ad valorem taxes for the years 1997 through 2016, with respect to real property located at 2758 Locust Avenue, Dallas, Dallas County, Texas. Samuel Russell filed an answer denying that he owned the property prior to 2006, and denying that he owed any delinquent taxes prior to 2006. Following a bench trial, the trial court ruled in favor of the taxing authorities, and Samuel Russell appealed. For the reasons that follow, we affirm.

**BACKGROUND**

The taxing authorities filed their original petition on March 7, 2017, and trial was scheduled for November 29, 2017. Russell filed a pro se answer and general denial. His pleading acknowledged that the trial was scheduled for November 29, 2017. On November 17, 2017, the taxing authorities filed an amended petition, adding claims for payment of a demolition lien, weed lien, and secure closure lien. Two days before trial, on November 27, 2017, Russell filed a pro se pleading titled, "Defendant's Offer and Counter-Suit," in which he claimed that he acquired ownership (by adverse possession) of the subject real property on October 23, 2017, and did not owe delinquent property taxes on the property.[1] He offered to pay property taxes owed from the date he acquired the property—the date he filed an "Adverse Possession Affidavit" with Dallas County—and he requested a settlement agreement with an installment payment plan. He did not seek leave to file a late pleading, nor did he seek a continuance of the trial setting.

Russell represented himself at the trial on November 29, 2017. Counsel for the taxing authorities advised the court that Russell had filed an offer and counter-suit two days before trial. The trial court asked what the taxing authorities wanted the court to do about the untimely counter-suit, and counsel asked the court to deny Russell's request in his counter-suit. Russell objected. When the trial court asked him to explain the basis of his objection, Russell assured the court that he had filed his pleading as soon as he could. He stated that it had taken him longer than expected to get the county to certify the adverse possession affidavit that he attached as an exhibit to his offer and counter-suit. He stated that he was further delayed in filing his offer and counter-suit because the court was closed for four days for the Thanksgiving holiday and weekend.

The court denied Russell's request to file a counterclaim, and it proceeded with a trial on the merits. Counsel for the taxing authorities offered evidence of the delinquent taxes, penalties,

---

[1] The pleading that Russell titled "Offer and Counter-Suit" is essentially an amended answer, a counterclaim, and a request for settlement.

and interest, and evidence for the liens for work conducted on the property. Counsel also clarified that Russell and his wife were in rem defendants in the lawsuit. The trial court gave Russell the opportunity to present evidence, but Russell stated he had nothing to present other than his offer and counter-suit.

Following the bench trial, the trial court ruled in favor of the taxing authorities. The judgment states that no personal money judgment is granted against any in rem defendant unless otherwise provided. The judgment lists the defendants and contains a hand-written notation "(In Rem Only)" after the names Samuel Todd Russell and Alissa Denise Russell. Russell then filed this pro se appeal.

## APPLICABLE LAW

### *Standard of Review*

Although Russell presents three issues on appeal, the underlying theme of each issue is his complaint that the trial court denied his request to file an offer and counter-suit two days before trial. A trial court's decision on whether to allow the amendment of pleadings is reviewed under an abuse of discretion standard. *Hardin v. Hardin*, 597 S.W.2d 347, 349–50 (Tex. 1980); *Halmos v. Bombardier Aerospace Corp.*, 314 S.W.3d 606, 622 (Tex. App.—Dallas 2010, no pet.). A trial court abuses its discretion if it acts arbitrarily or unreasonably, without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). When reviewing matters committed to a trial court's discretion, we may not substitute our own judgment for that of the trial court. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992).

### *Amended Pleadings*

Rule 63 of the Texas Rules of Civil Procedure governs a trial court's decision whether to grant leave to file a counterclaim two days before trial. *See* TEX. R. CIV. P. 63; *Strange v. HRsmart, Inc.*, 400 S.W.3d 125, 131 (Tex. App.—Dallas 2013, no pet.). The rule states:

> Parties may amend their pleadings, respond to pleadings on file of other parties, file suggestions of death and make representative parties, and file such other pleas as they may desire by filing such pleas with the clerk at such time as not to operate as a surprise to the opposite party; provided, that any pleadings, responses or pleas offered for filing within seven days of the date of trial or thereafter, or after such time as may be ordered by the judge under Rule 166, shall be filed only after leave of the judge is obtained, which leave shall be granted by the judge unless there is a showing that such filing will operate as a surprise to the opposite party.

TEX. R. CIV. P. 63. Under the rule, the trial court is required to grant leave to file a counterclaim unless the opposing party demonstrates that such filing will operate as a surprise to that party. *HRsmart,* 400 S.W.3d at 131.

## DISCUSSION

In his first issue, Russell asserts that the trial court erred by ruling that his counterclaim was untimely. Russell argues that the court did not properly apply Rule 4 of the Texas Rules of Civil Procedure in computing the date on which his pleading had to be filed. He also contends that the court failed to take into consideration the Thanksgiving holiday and the weekend in ruling that Russell's counterclaim was untimely.

Russell's arguments are not supported by the facts or the law. Rule 4 provides instruction for computing any period of time prescribed or allowed by the Texas Rules of Civil Procedure, by order of court, or by any applicable statute. *See* TEX. R. CIV. P. 4. It also dictates how weekends and holidays should be treated in such computations. *Id*. However, in this case, there is nothing in the record to indicate that the holiday, the weekend, or the closed courthouse had any relation to the trial judge's determination that Russell's counterclaim was untimely. The judge told Russell: "it has to be filed so many days ahead of the hearing. . . . [t]wo days is not sufficient." In order to file his offer and counter-suit two days before trial, Russell was required to obtain leave of the court. *See* TEX. R. CIV. P. 63. Russell failed to do so. We conclude that Rule 4 had no bearing on the court's ruling that Russell's counterclaim was untimely, and we overrule his first issue.

In his second issue, Russell contends that his constitutional rights of due process and equal protection were violated because the court allowed counsel for the taxing authorities to make a record of their response to his counterclaim, but failed to allow Russell an opportunity to rebut the response. In order to preserve a complaint for appellate review, the record must show that (i) the complaint was made to the trial court by a timely request, objection, or motion and (ii) the trial court either ruled on the request, or refused to rule and the complaining party objected to the refusal. TEX. R. APP. P. 33.1(a); *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003). Even constitutional complaints can be waived by failure to object at trial. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 376–77 (Tex. 2009) (citing *Tex. Dept. of Protective & Regulatory Servs. v. Sherry*, 46 S.W.3d 857, 861 (Tex. 2001) ("'[A]s a rule, a claim, including a constitutional claim, must have been asserted in the trial court in order to be raised on appeal.'")). Because Russell did not raise his due process and equal protection complaints to the trial court, he did not preserve this issue for appeal.

Even if Russell had objected below, his constitutional rights of due process and equal protection were not violated. At the beginning of the trial, counsel for the taxing authorities informed the court of Russell's offer and counter-suit. She also informed the court that she had the opportunity to meet with the Russells to explain the application of various sections of the tax code to assertions made by Russell in his offer and counter-suit. Following the trial court's denial of Russell's counterclaim request, counsel for the taxing authorities asked to make a record of the Texas Tax Code sections she had previously discussed with the Russells. The court allowed counsel to explain why various sections of the code did not apply to the facts in this case. Counsel then presented documentary evidence of the delinquent taxes and the liens for work performed on the property. The court asked Russell if he had any evidence to present. Russell offered no evidence and stated that the only thing he had to present was the offer. Thus, according to the

record, he was afforded the opportunity to rebut any of the evidence presented by the taxing authorities but failed to do so. We conclude that Russell's due process and equal protection rights were not violated. We overrule his second issue.

In his third issue, Russell complains that the trial court was overzealous in ruling that his counterclaim was untimely. He argues that the trial court was prejudiced and erred in ruling that Russell's offer and counter-suit were untimely.

Russell filed his counterclaim two days before trial. As described previously, he failed to obtain leave of the court to file his counterclaim. *See* TEX. R. CIV. P. 63; *HRsmart*, 400 S.W.3d at 131. Nevertheless, courts are required to construe Rule 63 liberally. *Goswami v. Metropolitan Sav. & Loan Ass'n*, 751 S.W.2d 487, 490 (Tex. 1988). A trial court has no discretion to refuse an amended pleading unless "(1) the opposing party presents evidence of surprise or prejudice; or (2) the amendment asserts a new cause of action or defense, and thus is prejudicial on its face, and the opposing party objects to the amendment." *Halmos*, 314 S.W.3d at 622. The party opposing the amendment generally has the burden to show prejudice or surprise. *Greenhalgh v. Serv. Lloyds Ins. Co.*, 787 S.W.2d 938, 939 (Tex. 1990). In this case, however, the taxing authorities complained only that the counterclaim was untimely; they did not assert that Russell's offer and counter-suit constituted surprise. In fact, counsel for the taxing authorities confirmed this lack of surprise by making a record of her discussion with the Russells about statements contained in Russell's offer and counter-suit.

Although the taxing authorities did not complain of surprise, Russell's offer and counter-suit asserted new defenses and was therefore prejudicial on its face. *See Halmos*, 314 S.W.3d at 622. "An amendment that is prejudicial on its face has three defining characteristics: (1) it asserts a new substantive matter that reshapes the nature of the trial itself; (2) the opposing party could not have anticipated the new matter in light of the development of the case up to the time the

amendment was requested; and (3) the amendment would detrimentally affect the opposing party's presentation of its case." *Id*. at 623. In his offer and counter-suit, Russell disputed the amount of taxes owed, argued that the lawsuit should be dismissed, asserted claims for duress, coercion, and emotional distress, offered to pay a small portion of the delinquent taxes, and claimed entitlement to a settlement agreement under the Texas Tax Code. On this record, the trial court reasonably could have concluded that the counterclaim, if allowed, would reshape the cause of action, prejudicing the opposing party and unnecessarily delaying the trial. *Greenhalgh*, 787 S.W.2d at 940.

When the trial court has refused a counterclaim which introduces new substantive matter, the burden of showing an abuse of discretion is on the complaining party, rather than on the opposite party to show surprise. *Hardin*, 597 S.W.2d at 349. Because Russell failed to meet this burden, we overrule his third issue.

## CONCLUSION

Having overruled all of Russell's issues, we affirm the judgment of the trial court.

/Bill Pedersen, III/
BILL PEDERSEN, III
JUSTICE

171475F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

SAMUEL T. RUSSELL, Appellant

No. 05-17-01475-CV     V.

DALLAS COUNTY, CITY OF DALLAS,
DALLAS INDEPENDENT SCHOOL
DISTRICT, DALLAS COUNTY
COMMUNITY COLLEGE DISTRICT,
PARKLAND HOSPITAL DISTRICT,
AND DALLAS COUNTY SCHOOL
EQUALIZATION FUND, Appellees

On Appeal from the 162nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. TX-17-00409.
Opinion delivered by Justice Pedersen, III.
Justices Partida-Kipness and Carlyle
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees DALLAS COUNTY, CITY OF DALLAS, DALLAS INDEPENDENT SCHOOL DISTRICT, DALLAS COUNTY COMMUNITY COLLEGE DISTRICT, PARKLAND HOSPITAL DISTRICT, AND DALLAS COUNTY SCHOOL EQUALIZATION FUND, recover their costs of this appeal from appellant SAMUEL T. RUSSELL.

Judgment entered this 25th day of February, 2019.